LA MANNA, AZEMA & FARNAN *v.* UNITED STATES (No. 3829)[1]

[1] T. D. 47584.

United States Court of Customs and Patent Appeals, February 25, 1935

*Puckhafer & Rode (George J. Puckhafer* of counsel) for appellant.

*Joseph R. Jackson*, Assistant Attorney General (*Ralph Folks* and *William H. Futrell*, special attorneys, of counsel), for the United States.

[Oral argument February 5, 1935, by Mr. Puckhafer and Mr. Folks]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

LENROOT, Judge, delivered the opinion of the court:

This is an appeal from a judgment of the United States Customs Court, Third Division, overruling a protest of appellant against the classification and assessment with duty of certain merchandise imported at the port of New York on June 25, 1930.

The merchandise was described by the appraiser as "a coloring agent used for staining food products, composed of cochineal color, sugar and water." It was imported in bottles.

It was classified by the collector as an unenumerated manufactured article dutiable at 20 per centum ad valorem under the provisions of paragraph 1558 of the Tariff Act of 1930.

The protest claimed the merchandise to be free of duty under paragraph 1609 of said tariff act, and that the bottles, if not free with the contents, were dutiable at the appropriate rate according to capacity under paragraph 217 of said tariff act.

Paragraph 1558, under which the merchandise was classified, reads as follows:

PAR. 1558. That there shall be levied, collected, and paid on the importation of all raw or unmanufactured articles not enumerated or provided for, a duty of 10 per centum ad valorem, and on all articles manufactured, in whole or in part, not specially provided for, a duty of 20 per centum ad valorem.

Paragraph 1609, under which the appellant claims the merchandise to be free of duty, reads as follows:

PAR. 1609. Annatto, archil, cochineal, cudbear, gambier, litmus prepared or unprepared; all the foregoing, and extracts thereof, not containing alcohol.

In view of the conclusion which we have reached, it is unnecessary further to refer to paragraph 217 with respect to bottles.

Appellant claims that the merchandise consists of an extract of cochineal. Appellant called as a witness in his behalf a Government chemist who analyzed a sample of the merchandise here involved, and his testimony, together with his report of such analysis, is the only evidence in the case.

The report of said chemist reads as follows:

*Report*

The sample has the following composition:

|  | Per centum |
|---|---|
| Sugar | 56. 4 |
| Water | 40. 0 |
| Carminic acid (the coloring matter of cochineal) | 1. 1 |
| Non-coloring matter of cochineal by difference | 2. 5 |
|  | 100. 0 |

Sample returned herewith.

I. Schnopper,
*Chemist.*

Approved:
G. W. Knight,
*Chemist in Charge.*

It appears from the testimony that cochineal is a natural coloring matter obtained from a variety of insects which are native to Mexico, and that it is used as a coloring material for food products because of its non-toxic nature.

Upon being asked by appellant's counsel what the article in question was, said Government chemist answered: "From my analysis, I believe it to be a mixture of simple sugar solution with cochineal solution." He further testified as follows:

Q. What do you mean *my* "cochineal solution"?—A. A solution of cochineal and water.

Q. Is that an extract?—A. It may be.

Q. Is it, or isn't it?—A. It is.

Q. So as I understand your testimony, this Exhibit No. 1, is an extract of cochineal with sugar solution, is that correct?—A. I said it was a mixture of an extract of cochineal with a sugar solution.

Q. What is sugar solution?—A. Sugar dissolved in water.

Upon cross-examination the witness testified in part as follows:

X Q. Is it necessary for an extract to be made, to have such a large quantity of sugar?—A. I don't think so.

 * * . * * * * *

Judge Evans. I think you stated that this is, one of the components of this was an extract of cochineal, cochineal solution. What do you mean by an extract? What is you understanding of what an extract is?

The Witness. An extract is a solution of some essential substance in a strong material like cochineal, and the substance, that is the material used to get that solution is probably water or its percolation of some substance with water. The resulting solution is called an extract of that particular substance.

Judge Evans. The method of getting it makes no difference?

The Witness. I don't think so. I might percolate; I might try to dissolve that substance in water and then filter through.

Judge Evans. Assume this cochineal is ground up in powder, and it were just stirred into water, would you call that an extract or solution? What is it?

The Witness. It would be the same in both cases, it would be a solution of cochineal or an extract of cochineal.

The trial court in its decision stated:

The question presented for decision in this case is whether the merchandise imported is cochineal or an extract of cochineal. An extract is a solution of one substance in another that is obtained by the process of extraction. See the case of Koeller-Struss Co. v. United States (12 Ct. Cust. Appls. 189, T. D. 40170). Anything drawn from a substance by distillation, heat, solution, or other chemical or physical process is an extract. See Century Dictionary and Cyclopedia, page 2096. From the evidence presented we are of the opinion that the menstruum used in the process of extraction of the cochineal from its native state is water, and that the extract thus obtained has been mixed with a solution of sugar and water. Being a mixture of an extract of cochineal with another substance, in our opinion, it is not the article intended to be admitted under duty-free paragraph 1609 of the Tariff Act of 1930. There was no evidence introduced to show the manner in which the imported article was manufactured. Had it been shown that the menstruum used in the extraction was a solution of sugar and water, a different conclusion might have been reached.

We are in accord with the conclusion reached by the trial court for the reason that we find no evidence in the record sufficient to overcome the presumption of correctness of the classification made by the collector. The testimony of appellant's witness shows that the merchandise involved consists of a mixture of an extract of cochineal and a sugar solution, and the sugar content constitutes 56.4 percent of the mixture. There is nothing in the record to show that sugar was employed in producing the extract of cochineal, or that it was used for the purpose of preservation of the extract.

Appellant relies upon our decision in the case of *Roeller-Struss Co.* v. *United States*, 12 Ct. Cust. Appls. 189, T. D. 40170, in which we held the merchandise there involved to be an extract of annatto. The merchandise consisted of from 2 to 7 per centum of annatto and, we assume, from 93 to 98 per centum of vegetable oils, although the opinion is not clear upon this point; however, the amount of oil is immaterial here. The opinion clearly shows that the oil was employed to extract the coloring matter from the seed of the annatto plant. The opinion states that "The oils absorb or extract from the seed the coloring matter, * * *."

Had it been shown here that the sugar in the merchandise had been employed to produce an extract of cochineal, we should, in harmony with the above cited case, hold the involved merchandise to be an extract of cochineal; but as we have noted, there is nothing of this character found in the record.

We are not informed from the record as to the purpose or function of the sugar in the merchandise to the extent of 56.4 per centum of the total ingredients and, in view of the evidence in the case, we cannot find that the involved merchandise consists of extract of cochineal; on the contrary, as hereinbefore indicated, we are of the opinion that the presumption of correctness attached to the collector's classification

of the merchandise as an unenumerated manufactured article has not been overcome.

For the reasons stated, the judgment appealed from is *affirmed*.